## HOOD RUBBER CO. v. ATLANTIC MUT. INS. CO.

(Circuit Court, S. D. New York. June 5, 1908.)

INSURANCE—MARINE INSURANCE—POLICY—CONSTRUCTION.

An open marine policy on goods to be transported by rail and lake provided: "This insurance is not to cover more than $100,000 by any one steamer, or in any one place at one time." *Held*, that such clause should be construed to mean that the policy was not to cover more than $100,000 in value carried by any one steamer, so that, goods to the value of $349,426.70 having been assembled and loaded on a single vessel, and damaged in a disaster to the amount of $85,996.70, the insurer was only liable for such proportion of the loss as $100,000 bore to the actual value of the shipment on the vessel.

At Law. Demurrer to complaint in action on policy of marine insurance.

Wing, Putnam & Burlingham, for plaintiff.

Carter, Ledyard & Milburn, for defendant.

RAY, District Judge. The defendant for a due consideration issued to the plaintiff a marine insurance policy whereby in substance and effect the Atlantic Mutual Insurance Company to Hood Rubber Company did make insurance and cause to be insured at and from Boston or East Watertown, Mass., by railroad to a shipping port on Great Lakes and thence by steamer on Lakes to ports on Lakes on goods, principally boots and shoes, laden or to be laden on board the good railroad and steamer or steamers, one million dollars. "This insurance is not to cover more than $100,000 by any one steamer, or in any one place at one time." The proper determination of this demurrer depends on giving the correct interpretation to the words:

"This insurance is not to cover more than $100,000 by any one steamer, or in any one place at one time."

The plaintiff shipped goods in different consignments at different times, each shipment of less than $100,000 in value, the largest being valued at about $12,500; but at a port on the Lakes shipments of the value of $349,426.70 were assembled and loaded by the Rutland Transit Company on one vessel, the F. H. Prince, at one time, and she sailed with plaintiff's goods of that value on board, met with disaster, and the goods were damaged to the amount of $85,996.70, of which the defendant paid $24,610.79, conceding its liability to that extent, and same was received, but without prejudice to an action for the balance, if liable therefor.

The complaint is so framed as to present the real controversy between the parties. The defendant insists that it is only liable on the basis that the entire cargo on the F. H. Prince was of the value of $100,000; that the words quoted should be read as follows:

"This insurance is not to cover more than $100,000 worth, or in value, of goods or property shipped by any one steamer at one time, or gathered in any one place at one time."

On the other hand, the plaintiff claims that the words should be read:

"This insurance shall not cover more than $100,000 of loss or damage on or to goods shipped by any one steamer at one time, or assembled in any one place at one time."

Or, putting it another way, the plaintiff insists that the clause mentioned does not limit to $100,000 the insurance upon goods on one steamer at one time, but limits to that sum the amount recoverable by the insured in respect to a loss to goods carried by one steamer. The defendant's position is that by the very terms of its policy it insured the goods on the F. H. Prince, valued at $349,426.70, to the amount of $100,000 only, and that under the well-established principles of marine insurance it is liable only for such a proportion of a loss as the amount by it insured bears to the agreed value of the whole subject of insurance; or, stating the proposition differently, that it is liable for such proportion of the amount by it insured as the loss is of the subject of insurance. I think this clause in question, which was on the margin of the policy, means this:

"This insurance is not to cover more than $100,000 of property in value, carried by any one steamer at one time, or assembled in any one place at one time."

I think the evident purpose was to limit the insured to cargoes of property not exceeding $100,000 in value, and to prevent the assembly in one place of more than that amount of property in value. Probably what the insurer intended to say was:

"This policy or agreement is not to insure more than $100,000 worth of property carried on any one vessel at one time, or assembled in any one place at one time."

Clearly it did not mean to say:

"This insurance is not to cover more than $100,000 loss or damage by any one steamer, or in any one place at one time."

"One hundred thousand dollars loss or damage by any one steamer" would not correctly represent the idea, if it was intended to say:

"This insurance is not to cover more than $100,000 loss or damage on goods carried by any one steamer, or assembled in any place at one time."

The goods insured were to be in transit, and this the parties knew. They were to be transported partly by rail and then to destination by water. The words we naturally would insert after "$100,000" are "in value carried," so it would read:

"This insurance is not to cover more than $100,000 in value carried by any one steamer," etc.

I am not cited to any case covering this exact case, and I am unable to find one; but the language of Patteson, J., in Crowley v. Cohen, 3 B. & Ad. 478, is suggestive. At the bottom of the policy was written the following:

"£3,000 only to be covered by the policy in any one boat on any one trip."

The court was not called upon directly to pass on the meaning of the clause, but incidentally it said:

"The proviso that only £3,000 should be covered in any one boat on any one trip shows that at least more than one voyage was contemplated, in which each boat might take as much as £3,000 worth of goods."

My attention is called to other cases, which are instructive, but not decisive.

It is unnecessary to comment on the second and third causes of action, for travel and expenses, etc., and for general average losses, expenses, and sacrifices. Defendant has conceded its liability on the basis mentioned and paid accordingly. If I am correct in my understanding of the clause mentioned, each cause of action is disposed of. It is not alleged or claimed in the complaint, or on the argument, that it can be shown that the words used in the contract of insurance set forth have any special meaning other than such as the law and entire contract gives them; that is, it is not claimed the plaintiff's case can be aided by extrinsic evidence.

It follows that the demurrer must be sustained, with costs. The plaintiff, if so advised, may file and serve an amended complaint within 30 days, on payment of such costs.