### HOOD RUBBER CO. v. RUTLAND TRANSIT CO.

(Circuit Court, S. D. New York. June 5, 1908.)

1. SHIPPING—SPECIAL CONTRACT—VALUE OF GOODS.

The owner of a line of lake steamers could lawfully make a special contract with the shipper not to place more than $100,000 worth of goods on any one of the vessels at one time, and having made such contract, was bound to perform the same, notwithstanding its common-law duty as a carrier to forward all goods as received.

2. SAME—BREACH.

Defendant having contracted not to place more than $100,000 worth of plaintiff's goods on any one of its vessels for transportation at one time, and with knowledge that plaintiff's insurance was limited to $100,000 worth of goods on any one steamer at any one time in violation of the contract loaded an assembled shipment valued at $349,426.70 without plaintiff's knowledge on a single vessel, which shipment sustained a damage of $85,996.70. *Held* that, since the insurance company was only liable for such a proportion of the loss as $100,000 bore to the whole value of the goods shipped, defendant was responsible for breach of contract for the balance of the loss.

At Law. Demurrer to complaint in action against defendant, a common carrier, for damages for handling the goods of plaintiff in violation of the agreement of the parties.

Wing, Putnam & Burlingham, for plaintiff.

Albert H. Harris (Chas. C. Paulding, of counsel), for defendant.

RAY, District Judge. The defendant is a common carrier, and at the times in question was engaged in the business of transporting goods upon the Great Lakes between the port of Ogdensburg, N. Y., and other ports on said Lakes by means of a line of steamers owned and

operated by it. The plaintiff, a manufacturer and seller of rubber goods, was accustomed to ship same from Watertown, Mass., to Ogdensburg, N. Y., by rail, and thence by defendant's steamers to ports upon said Great Lakes. The shipments made by plaintiff from time to time were each less than $100,000 in value. The plaintiff was accustomed to insure each shipment against perils of the seas and lakes during such transportation under a form of insurance policy which contained the following:

"This insurance not to cover more than $100,000 by any one steamer, or in any one place at one time."

In the month of April, 1904, the defendant, well knowing plaintiff's practice to so insure its shipments of goods, agreed with the plaintiff that, in consideration of such shipments being made by way of Ogdensburg and defendant's line of steamers, the defendant would not upon the arrival of such shipments at Ogdensburg load more than $100,000 worth thereof upon any one steamer at one time. The plaintiff relied upon said promise, and made shipments from Watertown by way of Ogdensburg and defendant's steamers, and continued to insure said shipments of goods during transportation in the manner aforesaid only, and under a policy containing the clause referred to. On or about June 20, 1904, the defendant, with full knowledge of the value of said shipments and in violation of its agreement, loaded several of such shipments of merchandise on one of its steamers, the F. H. Prince, for transportation to a point or points of said Great Lakes. The value of each of said shipments was much less than $100,000; but the aggregate value of the shipments which the defendant put upon the F. H. Prince at one time in violation of its agreement was $349,426.70. During the voyage the said goods on said steamer were damaged in the sum of $85,996.70. The plaintiff had no knowledge or notice until after the loss and damage that the defendant had violated its agreement and placed such goods of the value aforesaid on said steamer. The plaintiff insured the goods aforesaid under the policy aforesaid, containing the clause aforesaid, relying upon the defendant's promise and agreement not to load more than $100,000 worth thereof on any one steamer at any one time.

After such loss due proofs thereof were made and served, and the insurer, the Atlantic Mutual Insurance Company, conceded its liability, for such proportion of said loss as the sum of $100,000 bears to the sum of $349,426.70, the total value of the goods on said vessel, being the sum of $24,610.79, and paid that sum to the plaintiff. The insurer denied liability for the balance of said loss and damage, amounting to the sum of $61,385.91, and refuses to pay said balance, upon the ground it was not liable therefor, as it was only a partial insurer of said goods in the sum of $100,000. The plaintiff sustained other loss and damage, which it would have recovered of the insurer in full under the said policy, but for the clause therein to which attention has been invited, and but for the fact that defendant in violation of its agreement placed $349,426.70 worth of goods on said vessel at one time. The complaint sets out the facts in regard to said damages, etc. The complaint alleges damages by

reason of the facts aforesaid in the sum of $65,769.52, and demands judgment therefor. The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The defendant insists that the complaint shows on its face that the insurer was and is liable for all the loss mentioned in the complaint under its policy of insurance, notwithstanding the clause to which attention has been called. The contention is that the entire loss, etc., was less than $100,000, and that the policy of insurance covered loss to the extent of $100,000. In Hood Rubber Company v. Atlantic Mutual Insurance Company, 161 Fed. 788, this court has just decided that the clause, "This insurance not to cover more than $100,-000 by any one steamer, or in any one place at one time," cannot be read to mean $100,000 of loss by any one steamer, but must be construed to mean $100,000 in value of goods or merchandise carried by any one steamer at any one time. As the Atlantic Mutual Insurance Company is not liable for the entire damage under the allegations of this complaint, a good cause of action is stated against the Rutland Transit Company. It had knowledge of plaintiff's course of business and insurance, and promised and agreed that it would not put more than $100,000 worth of plaintiff's goods on any one of its steamers at one time. Relying on that agreement, the plaintiff, to the knowledge of the defendant, insured under the policy aforesaid, and forwarded its goods to be transported by this defendant under its express agreement aforesaid. The defendant violated that agreement without the knowledge or consent of the plaintiff, and as a result of the violation the defendant has been unable and will be unable to recover of the insurance company damage and loss sustained by it to the amount of $65,769.52. The plaintiff sustains these damages by reason of the violation of its agreement by the defendant, Rutland Transit Company.

The defendant insists that it was its duty to forward such goods as came to it, as these goods were marked to a particular address and destination. That is true; but it was not its duty, having made a special contract with the plaintiff not to place more than $100,000 worth of goods on any one of its vessels at one time, to forward these goods in violation of that special agreement. Having made a special contract and agreement, it was bound thereby. It was an agreement it had the right to make. The damages claimed were within the contemplation of the parties, and resulted from the breach of the contract alleged in the complaint.

The demurrer is overruled, with costs; but defendant may answer within 30 days on payment of such costs, to be taxed.